# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JULISSA DIAZ**, an individual and **KATIA CRUZ**, an individual, | Case No. |
| Plaintiffs, | HON. |
| v. | |
| **LATINOS TAKE OUT, LLC** d/b/a **MI CASA RESTAURANT**, a domestic limited liability company, and **ROSIBEL VIALET**, an individual, | |
| Defendants. | |

_____/

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Victoria L. Smalley (P80179)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFFS' ORIGINAL COMPLAINT

## INTRODUCTION

1. This is a civil action brought by Plaintiffs, Katia Cruz and Julissa Diaz, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the FLSA's retaliation provision, 29 U.S.C. §215(a)(3), the Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq., and the Working at Point Away from Home Locality Act ("WPAHL"). M.C.L.A. § 408.581. et seq.

2. During the period of the parties' employment relationship, Defendants misclassified Plaintiff Diaz as an independent contractor and failed to pay overtime at a rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

3. During the period of the parties' employment relationship, Defendants failed to compensate the Plaintiffs for all hours worked.

4. Defendants actively misled Plaintiff Diaz about her rights to receive payment at a rate of time-and-one-half the regular rate of pay for her hours of overtime worked by inducing Plaintiff to believe she was independant contractor and not entitled to overtime pay.

5. The above "agreement" was an unenforceable sham as the fundamental purpose of the FLSA is to place a limitation upon such contracts. See e.g. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Boaz v. Fedex Customer Information Services, Inc.*, 725 F.3d 603 (6th Cir. 2013); *Killion v. Kehe Distributors*, 761 F.3d 574 (6th Cir 2014).

6. Defendants failed to pay Plaintiff Diaz for all the weeks she worked.

7. Plaintiffs seek a declaration that their rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make them whole for damages suffered.

## JURISDICTION & VENUE

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

9. Defendant corporation's employees engage in interstate commerce; therefore, they are covered by the FLSA on an individual basis.

10. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

11. Supplemental jurisdiction is appropriate because Plaintiffs' state law claims share a common nucleus of operative fact with Plaintiffs' federal claims and are most efficiently resolved together in one court.

12. Defendant corporation is and was at all times relevant incorporated in the State of Michigan and had its principal place of business located in Kent County, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

14. Plaintiff Cruz is an individual residing in the County of Kent, state of Michigan

15. Plaintiff Diaz is an individual residing in the County of Kent, state of Michigan.

16. Plaintiff Cruz worked for Defendants as a salary employee from March 2016 until July 2016.

17. Plaintiff Diaz worked for Defendants as an hourly employee from on or about July 13, 2016 until about October 21, 2016

18. Plaintiffs have executed consent to sue forms, attached hereto as *Exhibit A and B*.

19. Defendant Mi Casa Restaurant (hereinafter referred to as "Mi Casa") is a domestic limited liability company located in Kent County, Michigan, and located at 334 Burton St. SW Grand Rapids, Michigan 49507.

20. Defendant Rosibel Vialet (hereinafter referred to as "Vialet") is an individual who is a resident of the County of Kent, state of Michigan and who is the owner manager of Mi Casa Restaurant.

21. Defendant Vialet was responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiffs.

22. Defendant Mi Casa Restaurant is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

23. Plaintiffs were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

24. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

25. Defendants underpaid Plaintiffs for both overtime and straight time worked.

26. Defendants induced Plaintiff Cruz to move to Michigan and take a position with them, but then fired Plaintiff after only three months and did not hold up their end of the agreement.

## PLAINTIFF JULISSA DIAZ

27. In 2016, Diaz was contacted by Rosibel Vialet, her cousin, who offered her a job as a manager at Mi Casa. At the time, Diaz was living in Miami, Florida and had been for four months.

28. Diaz accepted Vialet's offer and agreed to take the position at a weekly salary of $800 and hours from 11:00a.m. to 7:00p.m.

29. Defendants bought Diaz a plane ticket from Florida to Michigan in order to for her to begin work.

30. Diaz relied on the promise of a job and the representations made by Vialet when deciding to return to Michigan.

31. Plaintiff Diaz was hired by Defendants on or about July 13, 2016 and employed by Defendants until October 21, 2016.

32. During her employment, Diaz worked for all Defendants.

33. Diaz was hired as and was labeled a supervisor.

34. Diaz's job duties were to open the restaurant, prepare the food, move and organize the food, take orders, assist and check on customers, order product, clean tables, schedule employees, hire and fire employees and organize/prepare for large events.

35. Diaz primary duty was not management or administrative in nature but instead, the primary duties she performed were the same general duties as other employees.

36. While Diaz was employed by Defendants, Diaz was paid a weekly salary of $800.00.

37. Diaz typically worked about sixty-four to seventy-four hours a workweek for Defendants.

38. Plaintiff Diaz was terminated Friday October 21, 2016. *Exhibit C.*

39. Defendants' terminated Diaz's without cause.

40. Defendants violated their agreement with Diaz by terminating her employment.

41. Diaz satisfied and completed her part of the agreement.

42. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for time worked over forty (40) hours per week as required by the FLSA and WOWA.

43. Defendants did not compensate Plaintiff Diaz for all the hours she worked.

44. Defendants intentionally misclassified Diaz as an independant contractor.

## PLAINTIFF KATIA CRUZ

45. Plaintiff Cruz started working for the Defendants on or around March 2016.

46. During her employment, Cruz worked for all Defendants.

47. Cruz was hired as a cook but was reassigned to be a supervisor when the previous supervisor ended their employment.

48. Cruz's job duties varied greatly and included but were not limited to picking up and transporting both employees and food bringing to the restaurant, cooking, running the cash register, serving, managing employees, ordering food for the restaurant and scheduling employees.

49. Cruz's primary duty was not management or administrative in nature but instead, the primary duties she performed were the same general duties as other employees.

50. Cruz worked six days a week and typically worked about eighty hours a week.

51. Cruz was paid on an hourly basis.

52. Cruz was paid approximately $10 - $11 an hour for the first 40 hours and $15 an hour for every hour exceeding 40.

53. Cruz would clock in on a punch card when she arrived at the restaurant and clock out when she left.

54. Cruz often had to pick up employees or supplies on her way into the restaurant.

55. Picking up and transporting employees to and from work was an integral part of Cruz's job duties.

56. Defendants benefited from Cruz picking up and transporting food and/or employees to Mi Casa.

57. Picking up and transporting food and/or employees could take anywhere from 15-30 minutes a day.

58. Cruz was not compensated for time picking up, transporting, and delivering food or employees.

59. Cruz ceased working for Defendants in July 2016.

60. Defendants did not compensate Plaintiff Cruz for all the hours she worked.

## WILLFUL VIOLATION OF FLSA

61. Defendant Vialet routinely told Plaintiffs that they were being compensated adequately.

62. Defendant Vialet informed Diaz she was not paid overtime because she was a salaried manager and was an independent contractor.

63. Defendants utilized their restaurant and the agreement entered into with Diaz to subvert their obligations under state and federal law.

64. Defendants knew or should have known that Plaintiffs were entitled to be compensated, at the appropriate rate, for all hours worked.

65. Plaintiff Diaz asked about overtime pay but was turned away and intentionally misled.

66. Plaintiffs were misled as to their right to receive compensation at the correct rate for all hours worked due to the following:

   a. Defendant Vialet telling Plaintiff Diaz she was not entitled to overtime;

   b. Defendants misclassifying Plaintiff Diaz as an independant contractor; and

   c. Defendants knowing Cruz was working before and after her shift without compensation, and not addressing her time card accordingly.

67. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR AS TO JULISSA DIAZ

68. Defendants required Plaintiff Diaz to be at the restaurant at certain times and complete certain tasks.

69. Defendants determined the rate of pay for Plaintiff Diaz.

70. Defendants determined the work schedule of the Plaintiff Diaz.

71. Defendants determined the amount of hours to be worked by the Plaintiff Diaz.

72. Defendants provided the material and equipment necessary for performing the work.

73. Defendants directly supervised Plaintiff Diaz.

74. Defendants controlled the manner in which Plaintiff Diaz performed her work.

75. Plaintiff Diaz was not allowed to hire others to perform the work she was doing for the Defendants.

76. Plaintiff Diaz had no opportunity for profit or loss in her work with Defendants.

77. Plaintiff Diaz had no financial investment in her work with Defendants.

78. Plaintiff did not advertise her services.

79. Defendants provided Plaintiff with form 1099's for the time period she worked with Defendants.

80. Plaintiff at all times relevant to this matter worked exclusively for the Defendants.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

81. Plaintiffs hereby incorporate and reallege all the paragraphs above.

82. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

83. Plaintiffs were "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

84. Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

85. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

86. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

87. Defendants violated the FLSA by failing to pay the Plaintiffs the federally mandated minimum wage for all hours worked as well as failing to pay Plaintiffs an overtime premium for all hours worked in excess of 40 hours per workweek.

88. Defendants' violations of the FLSA were knowing and willful.

89. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT

90. Plaintiffs hereby incorporate and reallege all the paragraphs above.

91. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

92. Defendants were an "employer" as defined under the WOWA at all relevant times.

93. Plaintiffs were "employee[s]" as defined under the WOWA at all relevant times.

94. Defendants regularly suffered or permitted Plaintiffs to work more than forty (40) hours per workweek.

95. Defendants did not pay Plaintiffs one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours in a workweek as mandated by Michigan law pursuant to M.C.L. § 408.414a.

96. Defendants did not pay Plaintiffs the minimum wage for all hours worked by Plaintiffs as mandated by WOWA.

97. The WOWA, provides that as a remedy for a violation of the Act, an employee is entitled to overtime compensation and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

98. Plaintiffs are therefore entitled to their unpaid overtime wages as well as an equal amount as liquidated damages.

99. Plaintiffs are also entitled to costs and reasonable attorney's fee.

### COUNT III - VIOLATION OF WORKING AT POINT AWAY FROM HOME LOCALITY ACT M.C.L. 408.581 AS TO PLAINTIFF DIAZ

100. When Plaintiff Diaz and Defendants entered into this agreement, Plaintiff was residing in the state of Florida.

101. Defendants induced Plaintiff to work at a locality away from her home by promising her wages.

102. Defendants misrepresented the required hours for the job.

103. Defendants misrepresented the length of time the job would be available.

104. Plaintiff relied on these misrepresentations.

105. Plaintiff Diaz has suffered damages due to Defendants' misrepresentations and failure to abide by the agreed upon terms of employment in violation of MCL 408.581.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

A. An Order declaring Defendants willfully violated the FLSA;

D. An Order declaring Defendants violated the WOWA;

F. An Order granting judgment in favor of Plaintiffs and against Defendants, jointly and

severally, and awarding Plaintiffs the full amount of damages and liquidated damages available to them under the FLSA;

H. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the FLSA as provided by statute;

I. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the Michigan WOWA as provided by statute;

K. An Order awarding Plaintiff Diaz the full amount of damages and lost wages under the Working at Point Away From Home Locality Act.

L. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

M. An Order awarding such other and further relief as this Court deems appropriate.

Dated: March 23, 2017                                   Respectfully Submitted,


/s/ Robert Anthony Alvarez                  .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 02/24/17

_____
Julissa Diaz

Date: 02/24/17

_____
Katia Cruz